# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10785
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEREMIAH PENA CHAVARRIA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:21-CR-60-1

---

Before DAVIS, SMITH, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Jeremiah Pena Chavarria appeals his 84-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). The sentence represents a 27-month upward variance from the guidelines range based on the 18 U.S.C. § 3553(a) factors, particularly the need to protect the public from further crimes. Chavarria

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

argues that his non-guidelines sentence is substantively unreasonable because it fails to account for factors—his traumatic childhood, his history of drug addiction and mental health issues, and his successful work as a subcontractor—that should have received significant weight.

We review sentences, whether inside or outside the guidelines range, for reasonableness in light of the sentencing factors set forth in § 3553(a) and review preserved challenges to the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). When, as in this case, the district court imposes a non-guidelines sentence, we consider the totality of the circumstances, including the extent of any variance from the guidelines range, to determine whether the § 3553(a) factors support the sentence. *See United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).

In this case, the district court's reasons for imposing an upward variance were thoughtful and individualized. After thoroughly discussing relevant sentencing factors, including Chavarria's personal history and criminal history, the district court concluded that a sentence of 84 months was sufficient, but not greater than necessary, to protect the public from further crimes and provide adequate deterrence given Chavarria's long history of engaging in dangerous conduct. That the district court gave greater weight to those factors than to the mitigating factors, which the court expressly considered, does not represent a clear error of judgment, and we will not reweigh the balancing of those sentencing factors. *See Gall*, 552 U.S. at 51. Chavarria's disagreement with the district court's balancing of the § 3553(a) factors "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). Further, although Chavarria does not raise any argument regarding the extent of the upward variance, the totality of the circumstances, including the extent of the variance and the § 3553(a) factors identified by the district court, particularly the need for the

No. 22-10785

sentence to protect the public in light of Chavarria's lengthy and violent criminal history, support the imposition of the upward variance in this case. *See id.*; *Broussard*, 669 F.3d at 551.

The district court's judgment is AFFIRMED.